**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GARY C. and GALE B. WARREN, and TOLL BROS., INC.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW CASTLE COUNTY,<br><br>Defendant. | C.A. No. 07-725 LPS |

**APPENDIX OF DOCUMENTS TO**
**NEW CASTLE COUNTY'S BRIEF IN**
**SUPPORT OF ITS MOTION TO DISMISS**

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2736)
Max B. Walton (Bar No. 3876)
The Nemours Building
1007 North Orange Street, 8th Floor
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 656-0116
*Attorneys for New Castle County*

Dated: January 4, 2008

**TABLE OF CONTENTS**

SSSA Map Dated March 24, 2006 .......... A01

New Castle County Ordinance No. 06-041 .......... A02

New Castle County Ordinance No. 06-042 .......... A05

New Castle County Ordinance No. 06-0125 .......... A14

New Castle County Department of Special Services
Department of Land Use Sewer Capacity Policy .......... A19

Affidavit of Edwin P. Kuipers .......... A22

A01

# New Castle County Southern Sewer Service Area

0 0.5 1 2 3 4 Miles

Date: March 24th, 2006
Scale: 1" = 8000'

C:\gisdata\Projects\SSSA_2006_03_09\SSSA_NJ 2006_05_10.mxd

Introduced by: William J. Tansey WT
Date of introduction: April 11, 2006

**ORDINANCE NO. 06- 041**

**TO REVISE *NEW CASTLE COUNTY CODE*, CHAPTER 38 ("UTILITIES"), ARTICLE 2 ("SEWERS AND SEWAGE DISPOSAL")**

**WHEREAS**, as part of an extensive review of its plans for providing sanitary sewer service to the Southern Sewer Service Area ("SSSA"), New Castle County ("County") has identified several modifications that should be made to Chapters 38 and 40 of the *New Castle County Code* ("*County Code*"); and

**WHEREAS**, the County has assessed capital recovery fees to recoup the cost of sanitary sewer infrastructure north of the Chesapeake & Delaware ("C&D") Canal for more than twenty-five years and the County assessed capital recovery fees south of the C&D Canal until December 31, 1997; and

**WHEREAS**, since December 31, 1997, the *County Code* requires that property owners connecting to the County sanitary sewer system located north of the C&D Canal pay a capital recovery fee, while property owners in the SSSA pay a sewer impact fee in the amount of eight thousand, one hundred and sixty-four dollars ($8,164.00); and

**WHEREAS**, the County, as a sewer utility, enjoys greater legal authority with respect to capital recovery fees than it does with respect to sewer impact fees; and

**WHEREAS**, to provide consistent mechanisms for capital cost recovery above and below the C&D Canal, the County would like to amend the *County Code* to provide for the assessment of capital recovery fees to recoup capital costs throughout all of the County; and

**WHEREAS**, to recoup the operating and maintenance costs of providing interim treatment and disposal service in the SSSA through Middletown's wastewater treatment facility and Water Farm Number One, the County wishes to assess a SSSA interim sewer charge; and

**WHEREAS**, to ensure consistency, the County sewer connection fees belong exclusively in Chapter 38 ("Utilities"), rather than being in both Chapter 38 and Chapter 40 of the *County Code*; and

**WHEREAS**, New Castle County Council has determined that the provisions of this ordinance substantially advance, and are reasonably and rationally related to, the legitimate government interest of promoting the health, safety, morals, convenience, order, prosperity and welfare of the present and future inhabitants of this State.

**NOW, THEREFORE, THE COUNTY OF NEW CASTLE HEREBY ORDAINS:**

**Section 1.** *New Castle County Code,* Chapter 38 ("Utilities"), Article 2 ("Sewers and Sewage Disposal"), Section 38.02.014 ("Sewer Connection Fees") is hereby amended by adding the material that is underscored, as set forth below:

**Sec. 38.02.014. Sewer connection fees.**

A. The Department of Special Services shall charge the following fees for connection to the sanitary sewer system.

1. *Capital Recovery Fee.* A capital recovery fee shall be paid by any property owner connecting to the New Castle County sanitary sewer system. The amount of the capital recovery fee shall be determined by the Department of Special Services, which shall maintain a Sewer District Map reflecting all capital recovery fees.

2. *Lateral fee.* A lateral fee is assessed by the Department of Special Services to cover the cost of providing a lateral stub to the property line and for inspecting and processing the tie-in of the on-site sewer to the stub. The Department of Special Services shall establish fees to cover the varying County costs that may be required for different types of installations. If a building permit is required for the lot or parcel, the lateral fee shall be paid in full at the time of building permit application. If a building permit is not required, the lateral fee shall be paid at the time of connection.

3. *Sewer Inspection Fee.* The sewer inspection fee covers the cost of inspecting newly-constructed sewer infrastructure and is assessed pursuant to Appendix 2 to Chapter 40 of this Code.

4. *SSSA Interim Service Charge.* The Southern Sewer Service Area (SSSA) interim service charge shall be paid in consideration for the County providing interim sewer service in the SSSA. The County plans to provide such interim service through the Middletown wastewater treatment facility and Water Farm Number One while it evaluates and constructs the best long-term treatment and disposal system to service the area. The Department of Special Services shall establish the charge based upon the cost of operating and maintaining such interim service. The administration of the charge shall be pursuant to the Department of Special Services' written policies regarding the allocation and provision of interim sewer service in the SSSA.

**Section 2. Consistent with Comprehensive Development Plan.** New Castle County Council finds that the provisions of this Ordinance are consistent with the spirit and intent of the New Castle County Comprehensive Development Plan.

**Section 3.** **Inconsistent Ordinances and Resolutions Repealed.** All ordinances or parts of ordinances and all resolutions or parts of resolutions that may be in conflict herewith are hereby repealed except to the extent they remain applicable to land use matters reviewed under previous Code provisions as provided in Chapter 40 of the *County Code*.

**Section 4.** **Severability.** The provisions of this Ordinance shall be severable. If any provision of this ordinance is found by any court of competent jurisdiction to be unconstitutional or void, the remaining provisions of this ordinance shall remain valid, unless the court finds that the valid provisions of this ordinance are so essentially and inseparably connected with, and so dependent upon, the unconstitutional or void provision that it cannot be presumed that County Council would have enacted the remaining valid provisions without the unconstitutional or void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and incapable of being executed in accordance with County Council's intent. If any provision of this ordinance or any zoning map or portion thereof is found to be unconstitutional or void all applicable former ordinances, resolutions, zoning maps or portions thereof shall become applicable and shall be considered as continuations thereof and not as new enactments regardless if severability is possible.

**Section 5.** **Effective Date.** This ordinance shall become effective immediately upon its adoption by County Council and approval by the County Executive.

Approved on: 7/31/06

County Executive

Adopted by County Council of New Castle County on: 7/25/06

President of County Council
New Castle County

**SYNOPSIS:** Consistent with practice for north of the C&D Canal, this ordinance replaces sewer impact fees with capital recovery fees to offset the cost of new sewer infrastructure in the SSSA. This ordinance also consolidates sewer connection charges in Chapter 38 of the Code and authorizes the County to collect a SSSA interim service charge.

**FISCAL NOTE:** This Ordinance changes the mechanism for recouping capital costs in the SSSA from an impact fee to a capital recovery fee. This Ordinance also authorizes the County to collect a SSSA interim service charge to pay the cost of providing interim sewer service in the SSSA. The County estimates this fee to be between $1,000 and $2,000 per EDU.

Introduced by: William J. Tansey
Date of introduction: April 11, 2006

**SUBSTITUTE NO. 1 TO**
**ORDINANCE NO. 06 - 042**

**TO REVISE *NEW CASTLE COUNTY CODE*, CHAPTER 40 ("UNIFIED DEVELOPMENT CODE"), REGARDING ARTICLE 5 ("SITE CAPACITY AND CONCURRENCY CALCULATIONS"), ARTICLE 12 ("SEWER AND WATER IMPACT"); ARTICLE 14 ("IMPACT FEES"); AND ARTICLE 22 ("DRAINAGE, UTILITIES, SEPTIC SYSTEMS, PARKING, LOADING, AND LIGHTING")**

**WHEREAS**, as part of an extensive review of its plans for providing sanitary sewer service to the Southern Sewer Service Area ("SSSA"), New Castle County ("County") has identified several modifications that should be made to Chapters 38 and 40 of the *New Castle County Code* ("*County Code*"); and

**WHEREAS**, the County has assessed capital recovery fees to recoup the cost of sanitary sewer infrastructure north of the Chesapeake & Delaware ("C&D") Canal for more than twenty-five years and the County assessed capital recovery fees below the C&D Canal until December 31, 1997; and

**WHEREAS**, since December 31, 1997, the *County Code* requires that property owners connecting to the County sanitary sewer system located north of the C&D Canal pay a capital recovery fee, while property owners in the SSSA pay a sewer impact fee in the amount of eight thousand, one hundred and sixty-four dollars ($8,164.00); and

**WHEREAS**, the County, as a sewer utility, enjoys greater legal authority with respect to capital recovery fees than it does with respect to sewer impact fees; and

**WHEREAS**, to provide consistent mechanisms for capital cost recovery above and below the C&D Canal, the County would like to amend the *County Code* to provide for the assessment of capital recovery fees to recoup capital costs throughout all of the County; and

**WHEREAS**, to further facilitate consistency, the County sewer connection fees belong exclusively in Chapter 38 ("Utilities"), rather than being in both Chapter 38 and Chapter 40 of the *County Code*; and

**WHEREAS**, Chapter 40 of the *County Code* also provides two different standards for determining sewer concurrency, depending on whether development is located above or below the C&D Canal; and

**WHEREAS**, it has also been determined that is both practical and equitable to apply a uniform method of determining sewer concurrency throughout the County; and

WHEREAS, New Castle County Council has determined that the provisions of this ordinance substantially advance, and are reasonably and rationally related to, the legitimate government interest of promoting the health, safety, morals, convenience, order, prosperity and welfare of the present and future inhabitants of this State.

**NOW, THEREFORE, THE COUNTY OF NEW CASTLE HEREBY ORDAINS:**

**Section 1.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 5 ("Site capacity and concurrency calculations"), Division 40.05.000 ("Purpose") is hereby amended by deleting the material in brackets and adding the material that is underscored, as set forth below:

**Division 40.05.000. Purpose.**

. . .

B. *Sewer capacity*. County sewer service may represent a limiting factor for development. The County has conducted an analysis of various areas of the County to determine the sewer capacity of each area. [In the Southern Sewer Service Area each landowner is allocated a proportionate share of the capacity which sets a maximum development potential for each site. In the remaining sewer services areas sewer capacity shall continue to be provided based upon a first come first serve basis.] In all sewer service areas in the County, sewer capacity shall be provided on a first come, first serve basis if and/or when sanitary sewer service becomes available, as determined by the Department of Special Services.

. . .

**Section 2.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 5 ("Site capacity and concurrency calculations"), Section 40.05.320 ("Sewer capacity calculation") is hereby amended by the addition of the underlined text and the deletion of the bracketed text as set forth below:

**Sec. 40.05.320. Sewer capacity calculation.**

Prior to receiving a rezoning or record subdivision or land development final plan approval from the Department [for land located south of the C&D Canal, the developer shall complete the following calculation of capacity (Table 40.05.320) using data supplied by the Department of Special Services regarding the applicable sewer subbasin. The developer may be required to complete the calculations for both lines and service plant where the sewer lines may be a limiting factor. For property located north of the C&D Canal], the developer must obtain verification from the Department of Special Services that sewer capacity is available or will be available at the time of the proposed development.

[Table 40.05.320
SEWER CAPACITY CALCULATION ]

[*TABLE INSET*

| Step | Action | Formula |
|---|---|---|
| Step 1 | Take Line Capacity Gallons / Acre / Day (GPAD) for district from Subbasin Sewer Capacity Report | = GPAD |
| | Add Line Capacity Improvement GPAD from improvement credit or impact fee | + GPAD |
| | Equals Adjusted Line GPAD per acre | = GPAD |
| | Take Plant Capacity Gallons per Day (GPAD) for district from Sewer Capacity Report | = GPAD |
| | Use Adjusted Line GPAD or Plant Capacity GPAD whichever is less | = GPAD |
| Step 2 | Take Base Site Area Table 40.05.420 step 1 | = ac. |
| | Multiply by Adjusted GPAD | x GPAD |
| | Equals GPD Allocation | = GPD |
| Step 3 | Residential only | |
| | Take GPD Allocation | = GPD |
| | Divide by | / |
| | Single family = 300 | |
| | Attached = 250 | |
| | Multi-family and mobile home = 200 | |
| | Equals Maximum Dwelling Units | = du's |
| Step 4 | Nonresidential Uses only | |
| | Take GPD Allocation | = GPD |
| | Divide by GPM per square foot | / |
| | Commercial = 0.10 per sf. | |
| | Industrial = 0.50 per sf. or | |
| | Industrial = actual ________ per sf. | |
| | Office = 0.10 per sf. | |
| | Equals = Maximum Floor Area (square feet) of Nonresidential | = |

]

Section 3. *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 5 ("Site capacity and concurrency calculations"), Section 40.05.510 ("Site carrying capacity calculation") is hereby amended by the addition of the underlined text and the deletion of the bracketed text as set forth below:

**Sec. 40.05.510. Site carrying capacity calculation.**

The site carrying capacity shall be determined as provided in Table 40.05.510 below.

| *Table 40.05.510*<br>*SITE CARRYING CAPACITY* | | | |
|---|---|---|---|
| *Line* | *Action* | *Residential Yield (dwelling units)* | *Nonresidential Yield (floor area in sq.ft.)* |
| Line 1 | Enter Results from Traffic Impact Study | | |
| Line 2 | Enter Development Capacity of the Site as Determined Under Section 40.05.210 - School Capacity Certification | | |
| Line 3 | Enter Development Capacity of the Site as Determined Using Form 40.05.310 - Water Capacity Certification | | |
| Line 4 | [Enter Results from Table 40.05.320 - Sewer Capacity Calculation] Reserved | | |
| Line 5 | Concurrency Capacity - Select the Lowest Intensity from Lines 1, 2 [illegible] | | |
| Line 6 | Maximum Resource Capacity Enter Results from Tables 40.05.421 and 40.05.422 | | |
| Site Carrying Capacity Enter lowest of Lines 5 and 6 | | | |

Section 4. *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 12 ("Sewer and water impact"), Section 40.12.350 ("Sewer connection fees") is hereby revised by the deletion of the bracketed text and the addition of the underlined text as set forth below:

**Sec. 40.12.350. Sewer connection fees.**

[A. *Sewer impact fee.* A sewer impact fee shall be paid at the time of application for a certificate of occupancy for a lot or parcel of land located within the Southern New Castle County Service Area. The impact fee may be reduced by the Department of Special Services as provided in Section 40.14.241.] <u>Sewer connection fees shall be charged pursuant to Chapter 38, Section 38.02.014 of the *County Code*.</u>

[B. *Capital recovery fee.* A capital recovery fee shall be paid by any property owner seeking connection to the public sewer system located in a sewer service area north of the C&D canal as determined by the Department of Special Services. A capital recovery fee shall also be charged in the Southern Sewer Service Area as determined by the Department of Special Services at time of connection to the public sewer system where no sewer impact fee was paid.

C. *Lateral fee.* A lateral fee shall be paid at the time of connection permit application of the lot or parcel. The lateral fee is assessed by the Department of Special Services to cover the costs of providing a lateral stub to the property line and for inspecting and processing the tie-in of the on-site sewer to the stub. The Department of Special Services shall establish fees to cover the varying County costs that may be required for different types of installations. A lateral fee shall not be charged where an impact fee was paid and all necessary sewer lines were previously installed.

D. *Septic elimination fee.* A septic elimination fee, as determined by the Department of Special Services shall be paid at the time of connection to the County sewer system following a septic elimination project.]

Section 5. *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 14 ("Impact fees"), Section 40.14.010 ("Applicability") is hereby revised by the deletion of the bracketed text as set forth below:

**Sec. 40.14.010. Applicability.**

New Castle County may require that new development provide impact fees for the following services:

A. *Residential uses:*

1. Libraries.
2. Fire and rescue.
3. Emergency medical services (EMS).
4. Law enforcement.
5. Parks and special facilities.
6. [Sewers.]

[7.] County facilities.

B. *All other uses:*

1. Fire and rescue.
2. Law enforcement.
3. Emergency medical services (EMS).
4. [Sewers.]

[5.] County facilities.

**Section 6.** *New Castle County Code,* Chapter 40 ("Unified Development Code"), Article 14 ("Impact fees"), Section 40.14.210 ("Impact fees"), Table 40.14.210 is hereby revised by the deletion of the bracketed text and the addition of the unlined text as set forth below:

**Sec. 40.14.210. Impact Fees.**

Impact fee amounts are provided in Table 40.14.210 below.

Table 40.14.210
IMPACT FEES (Dollars)

| *Service* | *Parks & Special Facilities* | *Libraries* | *County Facilities* | *EMS* | *Fire and Rescue* | *Law Enforcement* | *[Sewer, Southern Service Area*]* | *Total* |
|---|---|---|---|---|---|---|---|---|
| **RESIDENTIAL Per Housing Unit** | | | | | | | | |
| Single-family detached | $328 | $138 | $112 | $7 | $84 | $62 | [$8,164**] | [$8,895] $731 |
| Single-family attached | $304 | $129 | $105 | $6 | $84 | $58 | [$6,579] | [$7,265] $686 |
| All other housing † | $225 | $95 | $77 | $5 | $84 | $43 | [$5,263] | [$5,792] $529 |
| **NONRESIDENTIAL Per 1,000 Square Feet of Floor Area ‡** | | | | | | | | |
| Commercial/shopping center (less than 60,000 sf. GFA) | na. | na. | $127 | $8 | $339 | $42 | [See Section 40.14.241(B)] | [Varies] $516 |
| Commercial/shopping center (60,000 sf. to 200,000 sf. GFA) | na. | na. | $95 | $6 | $339 | $33 | [See Section 40.14.241(B)] | [Varies] $473 |
| Commercial/shopping center (greater than 200,000 sf. GFA) | na. | na. | $76 | $5 | $339 | $28 | [See Section 40.14.241(B)] | [Varies] $448 |
| Office/institutional (less than 10,000 sf. GFA) | na. | na. | $176 | $11 | $112 | $24 | [See Section 40.14.241(B)] | [Varies] $323 |
| Office/institutional (10,000 sf. to 50,000 sf. GFA | na. | na. | $150 | $10 | $112 | $16 | [See Section 40.14.241(B)] | [Varies] $288 |
| Office/institutional (greater than 50,000 sf. GFA | na. | na. | $142 | $9 | $112 | $14 | [See Section 40.14.241(B)] | [Varies] $277 |
| Business park | na. | na. | $120 | $8 | $63 | $14 | [See Section 40.14.241(B)] | [Varies] $205 |
| Light industrial | na. | na. | $88 | $5 | $63 | $7 | [See Section 40.14.241(B)] | [Varies] $163 |
| Warehousing | na. | na. | $47 | $3 | $63 | $4 | [See Section 40.14.241(B)] | [Varies] $117 |

| Table 40.14.210<br>IMPACT FEES (Dollars) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| *Service* | *Parks & Special Facilities* | *Libraries* | *County Facilities* | *EMS* | *Fire and Rescue* | *Law Enforcement* | *[Sewer, Southern Service Area*]* | *Total* |
| Manufacturing | na. | na. | $70 | $4 | $63 | $3 | [See Section 40.14.241(B)] | [Varies] $140 |

[* All Southern Sewer Service Area impact fees for nonresidential uses shall be determined on a case-by-case basis by the Department of Special Services. See Section 40.14.241 B.]

[** Applicants of subdivision plans being processed pursuant to former Code provisions that have opted for three-quarter (3/4) acre lots pursuant to Section 40.22.360 (A)(2)(B), are subject to all service impact fees but exempt from the sewer impact fee. Upon septic system failure, the user may hook up to the County southern sewer system after paying all applicable capital recovery and connection fees as determined by the Department of Special Services.]

† Due to similar square footage, small single-family units and single-wide mobile homes will be included under the "All other housing" designation.

‡ When building or expanding a nonresidential building, the first 1,000 square feet are exempt from the assessment of impact fees. [illegible] As a condition of such waiver, the Department may require that an alternative funding source be identified to pay the applicable impact fee.

**Section 7.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 14 ("Impact fees"), Section 40.14.241 ("Sewer impact fees") is hereby revised by the deletion of the bracketed text and the addition of the underlined text as set forth below:

**Sec. 40.14.241. Reserved. [Sewer Impact Fees.**

A. An impact fee reduction shall be determined by the Department of Special Services on a case-by-case basis for those applicants who construct a spray irrigation system (or other approved large scale treatment system) as provided in Article 5 of this Chapter. The impact fee reduction shall be based upon the extent to which the facility or its connection lines will be utilized by the County as part of the County sewer system.

B. All sewer impact fees for commercial and industrial uses shall be determined on a case-by-case basis by the Department of Special Services. In calculating this impact fee, the Department shall utilize the same data and methodology relied upon to generate residential sewer impact fees.]

**Section 8.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 22 ("Drainage, utilities, septic systems, parking, loading and lighting"), Section 40.22.340 ("Standards") is hereby revised by the deletion of the bracketed text and the addition of the underlined text as set forth below:

**Sec. 40.22.340. Standards.**

A. Standards for all septic systems . . . .

1. Site evaluations. Site evaluations shall be . . . .

2. Disposal fields. All septic systems shall be . . . .

3. Protection from soil compaction. Prior to commencement of any . . . .

4. Timing of installation. The applicant shall . . . .

5. Size and shape of lots. Each lot served shall be . . . .

6. Dry sewer line. Dry sanitary sewer lines . . . .

7. Backfilling. Backfilling of excavations . . . .

[8.] [Impact fee. An impact fee for each lot shall be paid as provided in Article 14 of this Chapter to cover the costs of the construction of a public sewer system and all necessary trunk lines to serve proposed development within the Southern New Castle County Sewer Service Area.]

**Section 9. Consistent with Comprehensive Development Plan.** New Castle County Council finds that the provisions of this Ordinance are consistent with the spirit and intent of the New Castle County Comprehensive Development Plan.

**Section 10. Inconsistent Ordinances and Resolutions Repealed.** All ordinances or parts of ordinances and all resolutions or parts of resolutions that may be in conflict herewith are hereby repealed except to the extent they remain applicable to land use matters reviewed under previous Code provisions as provided in Chapter 40 of the *New Castle County Code.*

**Section 11. Severability.** The provisions of this ordinance shall be severable. If any provision of this ordinance is found by any court of competent jurisdiction to be unconstitutional or void, the remaining provisions of this ordinance shall remain valid, unless the court finds that the valid provisions of this ordinance are so essentially and inseparably connected with, and so dependent upon, the unconstitutional or void provision that it cannot be presumed that County Council would have enacted the remaining valid provisions without the unconstitutional or void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and incapable of being executed in accordance with County Council's intent. If any provision of this ordinance is found to be unconstitutional or void all applicable former ordinances, resolutions, or portions thereof shall become applicable and shall be considered as continuations thereof and not as new enactments regardless if severability is possible.

**Section 12.** **Effective Date.** This ordinance shall become effective immediately upon its adoption by County Council and approval by the County Executive.

Approved on:

Adopted by County Council of New Castle County on: 7/25/06

County Executive 7/31/06

President of County Council
New Castle County

**SYNOPSIS:** This ordinance changes sewer capacity concurrency requirements to provide for the same standard everywhere in New Castle County. This ordinance also replaces impact fees with the collection of capital recovery fees to offset the cost of new treatment works, sanitary sewer interceptors, and trunk line construction in the SSSA. The sewer connection fees provided in Chapter 40, Article 12 are being moved to Chapter 38 where other sewer provisions and fees are delineated.

**FISCAL NOTE:** This ordinance replaces sewer impact fees with capital recovery fees to offset the capital costs of sewer infrastructure in the SSSA. The County shall retain a qualified firm to perform a rate study establishing the initial amount of the SSSA capital recovery fee(s).

Introduced by: Mr. Tansey
Date of introduction: 10/24/06

**SUBSTITUTE NO. 1 TO**
**ORDINANCE NO. 06 - 125**

**TO REVISE THE *NEW CASTLE COUNTY CODE*, CHAPTER 40 ("UNIFIED DEVELOPMENT CODE") REGARDING ARTICLE 5 ("SITE CAPACITY AND CONCURRENCY CALCULATIONS"), ARTICLE 12 ("SEWER AND WATER IMPACT"), AND ARTICLE 22 ("DRAINAGE, UTILITIES, SEPTIC SYSTEMS, PARKING, LOADING, AND LIGHTING")**

**WHEREAS,** as part of an extensive review of its plans for providing sanitary sewer service to the Southern Sewer Service Area ("SSSA"), New Castle County ("County") identified several modifications to Chapters 38 and 40 of the *New Castle County Code* ("*County Code*"); and

**WHEREAS,** with the adoption of Ord. 06-041 and Sub. No. 1 to Ord. 06-042 on July 25, 2006 by County Council, the County required capital recovery fees to be paid in the SSSA instead of sewer impact fees and adopted a new method for sewer concurrency for the SSSA, which requires that sewer capacity be provided on a first come, first served basis if and/or when sanitary sewer becomes available, as determined by the Department of Special Services, in all sewer service areas in the County; and

**WHEREAS,** the County desires to revise certain additional portions of the *County Code* to make all provisions of the *County Code* consistent with the provisions of the abovementioned ordinances; and

**WHEREAS,** New Castle County Council has determined that the provisions of this Ordinance substantially advance, and are reasonably and rationally related to, the legitimate government interest of promoting the health, safety, morals, convenience, order, prosperity and welfare of the present and future inhabitants of this State.

**NOW, THEREFORE, THE COUNTY OF NEW CASTLE HEREBY ORDAINS:**

**Section 1.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 5 ("Site Capacity and Concurrency Calculations"), Section 40.05.050 ("Applicability") is hereby amended by deleting the material in brackets and adding the material that is underscored, as set forth below:

**Division 40.05.050. Applicability.**

At the preapplication stage for a rezoning or a major or minor subdivision or land development proposal, the applicant shall comply with the requirements of this Article and shall submit a complete site carrying capacity analysis pursuant to Section 40.05.510, except as follows.

A. A site resource capacity analysis....

....

H. Proposed public facilities that are needed to support development such as schools, parks on government land, libraries, sewer, police, fire stations, or hospitals, shall be exempt from this Article, Article 10 (excluding floodplain or federal or state wetland regulations), Article 14 [(excluding sewer impact fee provisions)], and Table 40.03.210, Table 40.04.111 (excluding lighting regulations), and Section 40.04.240. Such development shall comply with the provisions of Article 11, however, the Department and DelDOT shall determine on a case-by-case basis the time frame by which any mitigation must be completed.

....

K. The floor area of parking structures....

**Section 2.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 12 ("Sewer and Water Impact"), Division 40.12.000 ("Purpose") is hereby amended by deleting the material in brackets and adding the material that is underscored, as set forth below:

**Division 40.12.000. Purpose.**

The purpose of this Article is to ensure that development occurs only where there are adequate sewer and water facilities in place, or programmed for construction, prior to the issuing of development permits. The County supplies sewer service [and] <u>that</u> is limited in its discharges to the Delaware River <u>and is limited by available capacity in its sewage treatment facilities</u>. Independent water companies currently supply water service, but the County must ensure that the service is adequate. New development may use water capacity on a first come, first served basis, but must provide certification that capacity is available. New development may [continue to] use sewer capacity on a first come, first served basis [north of the C&D Canal within a sewer service area. South of the C&D Canal sewer capacity shall be distributed within the Southern Sewer Service Area proportionately based upon acreage] <u>in all sewer districts in the County if and/or when sanitary sewer service becomes available, as determined by the Department of Special Services</u>.

**Section 3.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 12 ("Sewer and Water Impact"), Division 40.12.300 ("Service Capacity Calculations"), Section 40.12.310. ("Sewer Capacity Calculations") is hereby amended by deleting the material in brackets and adding the material that is underscored, as set forth below:

**Sec. 40.12.310. Sewer capacity calculations.**

A. *Service.....*

B. *Available capacity determination.....*

[C. *Capacity per acre.* The capacity of the Southern Sewer Service Area shall be divided by the number of vacant developable acres in the service area. If there is more than one (1) zoning district in the sewer service area, the Department shall determine the capacity per acre by zoning district as follows:]

[1. The density or intensity of use in either dwelling units or floor area for each district shall be converted to gd or mgd per acre using the standards in Section 40.05.300.]

[2. The proportion of the maximum gd or mgd is calculated by multiplying vacant acres for each zoning district by the demand per acre. Gd or mgd for all districts shall be totaled. The percentage of gd or mgd by zoning district shall be obtained by dividing the gd or mgd per zoning district by total gd or mgd.]

[3. The sewer service area capacity shall be allocated by district using the percentage in step 2 above. Capacity per acre shall be obtained by dividing the gd or mgd per zoning district by the vacant buildable acres.]

**Section 4.** *New Castle County Code*, Chapter 40 ("Unified Development Code"), Article 22 ("Drainage, Utilities, Septic Systems, Parking, Loading, and Lighting"), Division 40.22.300 ("Sanitary Sewer"), Section 40.22.360 ("Lot size and density requirements for all unsewered lots") is hereby amended by deleting the material in brackets and adding the material that is underscored, as set forth below:

**Sec. 40.22.360. Lot size and density requirements for all unsewered lots.**

A. On any subdivision lot where a septic system is permitted by this Article to be used, the minimum lot area shall be as follows:

1. *Lot size for unsewered lots....*

2. *Exceptions....*

a. ....

b. Lot sizes no smaller than three-quarters (3/4) of an acre serviced by individual septic fields so long as the applicant agrees to install all dry sewer lines necessary to connect the community system to the future County sewer system trunk

line as determined by the Department of Special Services. Upon completion and acceptance by the Department of Special Services, all dry lines shall be owned and operated by the Department of Special Services. The applicant [shall be exempt from sewer impact fees, but] must pay all applicable service impact fees. Upon septic system failure, the user shall hook up to the County southern sewer system after paying all applicable capital recovery and connection fees as determined by the Department of Special Services. The applicant shall be able to utilize the UDC level of service standards applicable to the Sewer Service Area South of the C&D Canal as provided for in Section 40.11.210(B)(1) so long as the applicant provides an amount of open space at least ten (10) times greater then the amount required under applicable former Code provisions (i.e., one (1) acre of open space per three (3) units instead of one (1) acre of open space per thirty (30) units) and pays the voluntary school assessment pursuant to 9 *Del. C.* § 2661(c), or its successor. At the time the contract of sale is entered into with a prospective buyer who intends to build a home on the lot, the seller shall notify the prospective buyer, in writing, that the buyer shall be fully responsible for all costs and fees associated with the mandatory future sewer connection. The prospective buyer shall acknowledge this notification by signing the document. The seller shall then record the document in the New Castle County Office of the Recorder of Deeds at the time of closing to give such notice to all future purchasers of the home.

**Section 5. Consistent with Comprehensive Development Plan.** New Castle County Council finds that the provisions of this Ordinance are consistent with the spirit and intent of the New Castle County Comprehensive Development Plan.

**Section 6. Inconsistent Ordinances and Resolutions Repealed.** All ordinances or parts of ordinances and all resolutions or parts of resolutions that may be in conflict herewith are hereby repealed except to the extent they remain applicable to land use matters reviewed under previous Code provisions as provided in Chapter 40 of the New Castle County Code.

**Section 7. Severability.** The provisions of this Ordinance shall be severable. If any provision of this Ordinance is found by any court of competent jurisdiction to be unconstitutional or void, the remaining provisions of this ordinance shall remain valid, unless the court finds that the valid provisions of this Ordinance are so essentially and inseparably connected with, and so dependent upon, the unconstitutional or void provision that it cannot be presumed that County Council would have enacted the remaining valid provisions without the unconstitutional or void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and incapable of

being executed in accordance with County Council's intent. If any provision of this Ordinance is found to be unconstitutional or void all applicable former ordinances, resolutions, or portions thereof, it shall become applicable and shall be considered as continuations thereof and not as new enactments regardless if severability is possible.

**Section 8.** **Effective Date.** This ordinance shall become effective immediately upon its adoption by County Council and approval by the County Executive.

Approved on:

County Executive
New Castle County

Adopted by County Council of New Castle County on: 1/23/07

President of County Council

**SYNOPSIS:** This Ordinance revises and conforms certain provisions in Chapter 40, Unified Development Code to the changes in the *New Castle County Code* made by Ord. 06-041 and Sub. No. 1 to Ord. 06-042, which alters, among other things, sewer capacity and concurrency requirements and sewer connection fees for the SSSA.

**FISCAL NOTE:** This Ordinance has no discernable fiscal impact.

**NEW CASTLE COUNTY**
**DEPARTMENT OF SPECIAL SERVICES**
**DEPARTMENT OF LAND USE**
**SEWER CAPACITY POLICY**

| | |
|---|---|
| Special Services Policy No: | 02 |
| Land Use Policy No.: | 2.9 |
| Subject: | Available Sanitary Sewer Capacity Determinations and Processing of Land Development Applications |
| Original Date of Publication: | August 26, 2002 |
| Effective Date: | October 22, 2007 |

Approved: ______________________________
General Manager, Department of Special Services

Approved: ______________________________
General Manager, Department of Land Use

**LEGAL AUTHORITY**: The New Castle County ("County") Department of Special Services ("Special Services"), the County Department of Land Use ("Land Use")(Land Use and Special Services collectively hereinafter known as "Departments") and the General Managers of these Departments enact this policy pursuant to authority granted to them in Title 9, Section 1341 of the Delaware Code, 9 Del. C. § 1341; Title 9, Section 1301 of the Delaware Code, 9 Del. C. § 1301; Chapter 2, Section 2.05.301 of the County Code ("Code"), N.C.C.C. § 2.05.301; Chapter 2, Section 2.05.100 of the County Code, N.C.C.C. § 2.05.100; and Section 40.05.320 of the Unified Development Code ("UDC"), N.C.C.C. § 40.05.320.

**BACKGROUND**: In light of the significant investment the County has made to rehabilitate and upgrade the County-wide sewer system, and in light of increased building pressure, this policy provides the Departments with standards for determining when sewer capacity will be available for proposed development. This policy also avoids inefficient use of the Departments' limited resources in the event sewer capacity is not or will not be available. The policy outlined below supercedes all previous policies regarding sewer capacity availability provisions in Article 5 of the UDC.

**POLICY**: Section 40.05.320 of the UDC provides that for sewered developments located in the County, prior to receiving final plan approval, "the developer must obtain verification from the Department of Special Services that sewer capacity is available or will be

available at the time of the proposed development." N.C.C.C. § 40.5.320. The determination of whether sewer capacity "is available" shall be based upon Special Services' analysis of the sewer capacity model on the date that the request is received. Any statement by Special Services that capacity is available prior to execution of a sewer agreement at the record plan stage is not a guarantee that sanitary sewer capacity will be available later in the plan review process. Sewer capacity shall only be available on a first come, first serve basis and may only be reserved through the execution and recording of a sewer agreement at the record plan stage. *See* N.C.C.C. § 38.02.002.C; N.C.C.C. 40 § 31.820.

In some areas, sewer capacity is not available at the time of the capacity request; however, a sewer improvement project is scheduled to provide capacity in that area. In these circumstances, the Department may determine that capacity "will be available" for the proposed development if the necessary sewer improvement project has been approved and fully funded by the County Executive and County Council as part of the County's Capital Program & Budget for the fiscal year in which the Department receives the request.*

If a determination is made by Special Services that capacity "will be available" at the exploratory or preliminary plan stage of the application process, the developer may continue through the development plan application and review process. The developer's continued processing of such plans is made with the understanding that capacity may not be available at the record plan stage and with the understanding that the Department may place a hold on building permits and/or certificates of occupancy at the record plan stage as necessary to ensure that sewer improvements are completed prior to the proposed development connecting to the County sanitary sewer system. <u>Special Services does not guarantee if and/or when sewer improvements will be completed, and does not guarantee if and/or when sewer capacity will be available</u>. The developer shall proceed at his or her own risk in processing plan applications where capacity "will be available," understanding that numerous factors, such as obtaining required permits from other government agencies, obtaining right-of-ways, unforeseen weather conditions, construction issues, changes in policy or plans, the commitment of available capacity for other developments, and other unforeseen circumstances may impact the ultimate availability of sewer or the timing and completion of proposed sewer improvements.

In instances where Special Services determines that capacity "will be available" and where Special Services is willing to consent to the recording of a record plan with restrictions, Special Services shall notify developers by letter of the restrictions on building permits and/or certificates of occupancy at the record plan stage. The Department shall also note any restrictions in the sewer agreement for the development and require notes to that effect on the recorded record plan.

* While most of the projects in the County's Capital Program & Budget provide funding for a specific improvement to a section of the system, *i.e.*, parallel line, add a pump to a pump station, increase pipe size, etc., some projects merely provide funding to allow the Department to study sections of its system to identify problems. More defined projects develop as a result of such studies. The studies themselves shall not be considered "sewer improvement projects" under this policy for the purpose of determining that capacity will be available for a development unless the Department reasonably believes that work performed as part of the study (*i.e.*, line cleaning, grouting, etc.) will provide capacity. If/when the study identifies a specific project to provide capacity, the Department may then determine that capacity will be available upon completion of such project, consistent with this policy.

*Processing of Land Use Applications When Sewer Capacity Is Not Available*

Section 40.05.320 of the UDC states that Land Use cannot provide final plan approval for a plan unless verification from Special Services is received indicating that sewer capacity is or will be available for a proposed development. Thus, once a developer of proposed sewered development is notified by Special Services that sanitary sewer capacity is not and will not be available for the proposed development, the application shall not be permitted to continue through the land use application process. The County will not process plan applications for connection to sewer when service is not or will not be available because continued processing of a plan application that cannot ultimately be recorded is an inefficient use of the County's limited financial and personnel resources. The Developer shall be notified via letter from Special Services with a copy provided to Land Use when sewer capacity is not or will not be available.

Distribution: Policy Book Holders

State of Delaware )
) ss:
New Castle County )

**AFFIDAVIT**

EDWIN P. KUIPERS, being duly sworn according to law, deposes and states as follows:

1. I am an Assistant County Engineer in the New Castle County ("County") Department of Special Services, who is responsible for the supervision of seven County construction contracts being performed in the area below the C&D canal, commonly known as the Southern Sewer Service Area.

2. To the best of my knowledge and belief, construction on the first of these seven construction projects began on February 5, 2007, and the attached Notices to Proceed are true and accurate copies of the Notices to Proceed sent to the contractors for each of these construction projects.

Edwin P. Kuipers

SWORN TO AND SUBSCRIBED before me this 21 day of January, 2008.

Notary Public DE Bar #4334

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

RICHARD T. PRZYWARA
GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

January 26, 2007

Joel Christman
Eastern States Construction Service, Inc.
702 First State Boulevard
Wilmington, DE 19804

RE: Cedar Lane Force Main

Dear Mr. Christman:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) calendar day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Rd, New Castle, Delaware 19720, before final payment can be released.

Sincerely,

Ed Kuipers, I
Assistant Co

EK/ec

cc: Jonathan Husband
Tracy Surles
David Clark
William Wagner, P.E.
Jack Wolos

7004 1350 0004 4789 1081

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

Postmark Here

Sent To: Joel Christman
Eastern States Construction Service, Inc.
Street, or PO: 702 First State Boulevard
City, St: Wilmington, DE 19804

PS Form 3800

A23

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joel Christman
Eastern States Construction Service, Inc.
702 First State Boulevard
Wilmington, DE 19804

2. Article Number (Copy from service label) 7004 1350 0004 4789 1081

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery 12/20/07

C. Signature X ☐ Agent ☒ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

UNITED STATES POSTAL SERVICE
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10
• Sender: Please print your name, address, and ZIP+4 in this box •
RECEIVED
JAN 3 1 2007
New Castle County
Department of Special Services
Ed Kuipers, P.E.
Assistant County Engineer
New Castle County
Department of Special Services
Engineering & Environmental Compliance
187-A Old Churchmans Road
New Castle, DE 19720

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

TRACY ZLOCK SURLES
ACTING GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

June 22, 2007

Mr. David Fedor
R. E. Pierson Construction Co.
426 Swedesboro Road
Pilesgrove, N J 08098

RE: Southern Cedar Lane Force Main
Contract No.: 2006-05
Project No.: 279603

Dear Mr. Fedor:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
John Ziemann
William Wagner

187-A OLD CHURCHMANS ROAD, NEW CASTLE, DE 19720 PHONE: 302-395-5700 FAX: 302-395-5802

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee (Endorsement Required)

Restricted Delivery Fee (Endorsement Required)

Total

Postmark Here

Mailed 6/22/07

Sent To Mr. David Fedor
R. E. Pierson Construction Co.
Street, Apt. No.; or PO Box No. 426 Swedesboro Road
City, State, ZIP+4 Pilesgrove, N J 08098

PS Form 3800, June 2002 — See Reverse for Instructions

7006 0810 0002 8937 4207

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. David Fedor
R. E. Pierson Construction Co.
426 Swedesboro Road
Pilesgrove, N J 08098

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) B. Date of Delivery 6-27-07

C. Signature
X [signature] ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label) 7006 0810 0002 8937 4207

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

RICHARD T. PRZYWARA
GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

February 01, 2007

Mr. Robert DePonte
Metra Industries, Inc.
50 Muller Place
Little Falls, NJ 07424

RE: Hyetts Corner Interceptor

Dear Mr. DePonte:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
Robert Rinne, P.E., BV
John Ziemann

187-A OLD CHURCHMANS ROAD, NEW CASTLE, DE 19720 PHONE: 302-395-5700 FAX: 302-395-5802

01/02/2008 WED 11:31 FAX

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Robert DePonte
Metra Industries, Inc.
50 Muller Place
Little Falls, NJ 07424

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) Magno B. Date of Delivery 2/6/07

C. Signature X Magno ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
■ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label) 7006 0810 0002 8939 6438

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

7006 0810 0002 8939 6438

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

Postmark Here — Mailed 2/01/07

Sent To: Mr. Robert DePonte
Street, or PO: Metra Industries, Inc. 50 Muller Place
City, S: Little Falls, NJ 07424

PS Form 3800, June 2002 See Reverse for Instructions



File

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

TRACY ZLOCK SURLES
ACTING GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

February 21, 2007

Mr. Carl Zeroski
Quad Construction Company
732 Eayreston Road
Lumberton, NJ 08048

RE: Scott Run Pumping Station
P.O. #130895

Dear Mr. Zeroski:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
William, Wagner, P.E., WR
John Ziemann

187-A OLD CHURCHMANS ROAD, NEW CASTLE, DE 19720 PHONE: 302-395-5700 FAX: 302-395-5802

01/02/2008 WED 11:31 FAX

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®
OFFICIAL USE

Postage $
Certified Fee
Return Reciept Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total
Postmark Here

Mr. Carl Zeroski
Quad Construction Company
732 Eayreston Road
Lumberton, NJ 08048

7004 1350 0004 4789 1104

PS Form 3800, June 2002 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Carl Zeroski
Quad Construction Company
732 Eayreston Road
Lumberton, NJ 08048

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) B. Date of Delivery

C. Signature X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MOUNT ... NJ 08060 FEB 23 2007 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label) 7004 1350 0004 4789 1104

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

TRACY ZLOCK SURLES
ACTING GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

February 27, 2007

Mr. Carl Zeroski
Quad Construction Company
732 Eayreston Road
Lumberton, NJ 08048

RE: Cedar Lane Pumping Station
P.O. #130682

Dear Mr. Zeroski:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
William, Wagner, P.E., WR
John Ziemann

01/02/2008 WED 11:31 FAX

7006 0810 0002 8939 6353

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Mailed 12/6/06 waiting for Info from Steve Farr

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Post | |

Postmark Here

Sent To: Mr. Carl Zeroski
Quad Construction Company
Street, Apt. No.; or PO Box No.: 732 Eayreston Road
City, State, ZIP: Lumberton, NJ 08048

PS Form 3800, June 2002 — See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Mr. Carl Zeroski**
**Quad Construction Company**
**732 Eayreston Road**
**Lumberton, NJ 08048**

2. Article Number (Copy from service label) 7006 0810 0002 8939 6353

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. [illegible] B. Date of Delivery 3/5/07

C. Signature
X [signature] ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ■ Certified Mail
- ☐ Express Mail
- ☐ Registered
- ☐ Return Receipt for Merchandise
- ☐ Insured Mail
- ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

01/02/2008 WED 11:31 FAX

File

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

TRACY ZLOCK SURLES
ACTING GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

CERTIFIED MAIL

May 22, 2007

Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

RE: Cedar Lane Interceptor
Contract No.: 2004-26
Project No.: 279603

Dear Mr. Saloma:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
John Ziemann
William Wagner

187-A OLD CHURCHMANS ROAD, NEW CASTLE, DE 19720 PHONE: 302-395-5700 FAX: 302-395-5802

01/02/2008 WED 11:31 FAX

7006 0810 0002 8937 4108

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee (Endorsement Required)

Restricted Delivery Fee (Endorsement Required)

Total

Mailed 5/22/07

Postmark Here

Sent To / Street, Apt. No.; or PO Box No. / City, State, ZIP+4

Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

PS Form 3800, June 2002 — See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

2. Article Number (Copy from service label) 7006 0810 0002 8937 4108

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) C Rogalelle B. Date of Delivery

C. Signature X Carol Rogatche ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No

18915-9998 ... 23 2007

3. Service Type
■ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

CHRISTOPHER A. COONS
COUNTY EXECUTIVE

TRACY ZLOCK SURLES
ACTING GENERAL MANAGER

DEPARTMENT OF SPECIAL SERVICES

**CERTIFIED MAIL**

March 21, 2007

Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

RE: Scott Run Interceptor & Force Main
Contract No.: 2004-35
Project No.: 279603

Dear Mr. Saloma:

This letter constitutes your formal notice to proceed on the above-mentioned contract. The contract time will begin on the earliest of the eleventh (11th) day after receipt of this notice or the day construction actually starts.

A release of liens must be filled out at the completion of the contract and returned to Cathy DiChristofaro, Financial Office of Special Services, 187-A Old Churchmans Road, New Castle, DE 19720, before final payment can be released.

Sincerely,

Ed Kuipers, P.E.
Assistant County Engineer

EK/ec

cc: Tracy Surles
Jonathan Husband
David Clark
Catherine DiCristofaro
Jack Wolos
John Ziemann
William Wagner

187-A OLD CHURCHMANS ROAD, NEW CASTLE, DE 19720 PHONE: 302-395-5700 FAX: 302-395-5802



01/02/2008 WED 11:32 FAX

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | |

Postmark Here

3/21/07

Sent To
Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

7006 0810 0002 8937 4146

PS Form 3800, June 2002 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Stephen J. Saloma, P.E.
Vice President
Marona Construction Company
3191 Trewigtown Road
P O Box 283
Colmar, PA 18915-0283

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery

C. Signature
X Ross Ludas ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 23 2007 USPS

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label) 7006 0810 0002 8937 4146

PS Form 3811, July 1999 Domestic Return Receipt 102595-99-M-1789

CERTIFICATE OF SERVICE

I certify that on January 4, 2008, I electronically served the APPENDIX OF DOCUMENTS TO NEW CASTLE COUNTY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS by CM/ECF to counsel of record as follows:

Jeffrey M. Weiner, Esq.
Law Offices of Jeffrey M. Weiner
1332 King Street
Wilmington, DE 19801
(302) 652-0505

Max B. Walton, Esq. (Bar No. 3876)