# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

Max B. Walton
**TEL** (302) 888-6297
**FAX** (302) 656-0116
**EMAIL** mwalton@cblh.com
**REPLY TO** Wilmington Office

January 31, 2008

**BY ELECTRONIC SERVICE**

The Honorable Leonard P. Stark
United States District Court
844 North King Street
Room 4209
Lock Box 18
Wilmington, DE  19801

    Re:    *Warren, et al. v. New Castle County*
             C.A. No. 07-725 *** LPS

Dear Judge Stark:

    Pursuant to the Court's January 15, 2008 Order, the parties have conferred concerning scheduling, and jointly submit the following for the Court's consideration.

    A.    **Briefing on New Castle County's Motion to Dismiss**

    This case involves anti-trust, constitutional, declaratory judgment, and estoppel claims relating to sewer service for proposed housing developments.  Defendant New Castle County ("County") filed a motion to dismiss the complaint and opening brief on January 4, 2008.  Plaintiffs Gary C. Warren, Gail B. Warren, and Toll Bros., Inc. (collectively "Plaintiffs") filed an amended complaint on January 18, 2008.  The County has moved to dismiss all allegations in the amended complaint, and the parties have agreed, subject to the approval of the Court, that briefing on the motion should proceed as follows:

        County's supplemental opening brief – January 31, 2008

        Plaintiffs' answering brief – February 29, 2008

        County's reply brief – March 14, 2008

The Honorable Leonard P. Stark
January 31, 2008
Page 2

Plaintiffs request an opportunity to file a sur-reply brief in response to any new arguments or issues raised in the County's reply brief. The County opposes this request.

**B.     Scheduling Order**

The parties have conferred concerning the draft scheduling order, and unless otherwise noted, have agreed, subject to the Court's approval, that:

1. Section 1.

   The County's position – The County proposes that initial disclosures from both parties shall be due twenty (20) days after the Court decides the County's motion to dismiss. Because the County has moved to dismiss all allegations in Plaintiffs' amended complaint pursuant to Rules 12(b)(1) and 12(b)(6), the County believes that all discovery should be stayed until resolution of the motion to dismiss. The County will file a motion to stay discovery prior to the conference scheduled for February 6, 2008.

   Plaintiffs' position – Plaintiffs oppose a stay of discovery and requests that initial disclosures from both parties be served within ten (10) days after the scheduling order is entered. Plaintiffs' agreement to the scheduling deadlines contained herein assumes that discovery can commence forthwith.

2. Section 2. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before September 1, 2008.

3. Section 3.a.

   The County's position – The County proposes that each side be limited to a total of eighty (80) hours of taking testimony upon oral examination. The County proposes that the parties be permitted to take an additional twenty (20) hours of expert discovery.

   Plaintiffs' position – Plaintiffs propose that each side be limited to one hundred fifty (150) hours of taking testimony upon oral examination. Plaintiffs propose that the parties be permitted to take an additional twenty (20) hours of expert discovery.

4. Section 3.c. All fact discovery in this case shall be initiated so that it will be completed on or before October 30, 2008.

5. Section 3.d. For the party who has the initial burden of proof, the initial disclosure of expert testimony is due on or before November 21, 2008.

The Honorable Leonard P. Stark
January 31, 2008
Page 3

        The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before December 19, 2008. The parties jointly request an expert discovery period, and that expert discovery be completed on or before January 21, 2009.

6. <u>Section 7</u>. On October 1, 2008, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

7. <u>Section 8</u>. The parties are available at the convenience of the Court for a status conference.

8. <u>Section 9</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before January 30, 2009. Answering briefs shall be filed on February 27, 2009 and reply briefs shall be filed on March 16, 2009. Plaintiffs request an opportunity to file a sur-reply brief to respond to any new arguments or issues raised in any reply brief filed by the County. The County opposes this request.

9. <u>Section 11</u>. The parties are available at the convenience of the Court for a pretrial conference and shall file the pretrial order as directed by the Court.

10. <u>Section 14</u>. The parties are available at the convenience of the Court for trial.

C. **Consent To Jurisdiction**

        One of the parties does not consent to Your Honor assuming full jurisdiction over this case.

        The parties look forward to discussing these and other matters with the Court during the teleconference scheduled for February 6, 2008 at 10:00 AM.

Respectfully submitted,

*/s/ Max B. Walton*

Max B. Walton (Bar No. 3876)

MBW/kah
cc: Jeffrey M. Weiner, Esquire (by electronic service)
     Marc B. Kaplin, Esquire (by electronic mail)
     Gregg E. Wilson, Esquire (by regular mail)