UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN, and TOLL BROS., INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEW CASTLE COUNTY, <br><br> Defendant. | C.A. No. 07-725 SLR-LPS |

### NEW CASTLE COUNTY'S MOTION TO STAY DISCOVERY

Defendant New Castle County ("County"), by and through its undersigned counsel, hereby moves for a stay of discovery pending resolution of its motion to dismiss. In support thereof, the County avers as follows:

### Background

1. This is an action to compel the provision of sewer service for a proposed 631 unit housing development in an area of southern New Castle County where sewer service is not currently available. Plaintiffs, Gary C. Warren, Gale B. Warren, and Toll Bros., Inc. (collectively, "Toll"), filed their Complaint on November 13, 2007. After the County moved to dismiss the Complaint, Toll filed an Amended Complaint on January 18, 2008.

2. On January 31, 2008, the County moved to dismiss the Amended Complaint in its entirety. The County argues, *inter alia*, that Toll's claims are not ripe because it has not exhausted available administrative remedies, that Toll has no constitutional right to sewer service, the County has *Parker* immunity for the antitrust claims, and that each pendant State law claim fails as a matter of law.

## Argument

3.  Trial courts have "broad discretion" to stay discovery until preliminary questions that may dispose of the case are determined. *Jackson v. Northern Telecom, Inc.*, C.A. No. 90-0201, 1990 WL 39311, at *1 (E.D. Pa. Mar. 30, 1990); *Keystoke Coke Co. v. Pasquale*, No. C.A. No. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999). In the context of a motion to dismiss, the standards applicable to the Court's exercise of its discretion are well settled. "While a court should not automatically stay discovery when a motion to dismiss is filed, a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay." *Weisman v. Mediq, Inc.*, C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995). Moreover, "[W]here a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Id.* at *2 (emphasis supplied) (citing *Rae v. Union Bank*, 722 F.2d 478, 481 (9th Cir. 1984)); *Jackson*, 1990 WL 39311, at *1.[1]

4.  Under these standards, a stay order should be issued in this case. The County has moved to dismiss all six counts of the Amended Complaint. The County's first argument – ripeness and/or failure to exhaust administrative remedies – applies equally to all six counts, and therefore stands to eliminate the entire action. This fact *alone* establishes a significant likelihood that the case will not survive dismissal. Add to this the fact that the County also attacks each count individually on highly compelling grounds – *e.g.*, the antitrust claims are barred by *Parker* immunity; the substantive due

---

[1] *See also ABB Flakt v. Nat. Union Fire Ins. Co.*, 731 A.2d 811, 815 (Del. 1999); *Greenspan v. Hinrichs*, No. 15459, 1998 WL 83047, at *1 (Del. Ch. Feb. 10, 1998).

process claims are based on constitutional "rights" that do not exist (as there is no constitutional right to sewer service); the equal protection claim fails because there is no sufficent allegation of different treatment of similarly situated parties – and it becomes obvious that a substantial narrowing (or outright elimination) of discovery is overwhelmingly probable.

5.   In contrast, there is no reasonable argument that prejudice might result from any delay in obtaining discovery. Documents attached to the Amended Complaint demonstrate that the County advised Toll that no sewer service is available at least since March 2006 (OB 9-10), and this action was not filed until November 2007. Moreover, the County is a governmental entity. Its records relating to the subject of this dispute are well preserved, and its relevant employees are local individuals who are unlikely to leave the scope of the Court's subpoena power. The probability of "loss or alteration of potential evidence or witness testimony"[2] is virtually zero, and it is therefore simply inconceivable that the plaintiffs could suffer prejudice in relation to alteration or loss of witness testimony.

6.   Moreover, no discovery is needed to adjudicate the pending motion to dismiss. The facts surrounding the unripeness of Toll's claims for failure to exhaust administrative remedies (Argument § I) are matters of record for which formal discovery is plainly unnecessary. Nor is there any plausible need for discovery with respect to the failings of each individual claim (Argument § II). The County's *Parker* immunity defense to the antitrust claims turns on whether its alleged "anti-competitive" conduct is a foreseeable result of its statutorily delegated authority, which is a question of law. *Town*

---

[2]   *Weisman*, 1995 WL 273678 *2.

3

of *Hallie v. City of Eau Claire*, 471 U.S. 34, 38-39 (1985). The substantive and procedural due process claims also fail on legal grounds, as courts have firmly established that sewer service is not a federal "right" and thus is not protected by due process. *Gagliardi v. Clark*, C.A. No. 06-20, 2006 WL 2847409, at *10 (W.D. Pa. Sept. 28, 2006); *see also Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d Cir. 1988). The equal protection claim fails on facts alleged in the Amended Complaint (which show that Toll has been treated equally as others similarly situated), hence it does not necessitate discovery. OB 30-31. The declaratory judgment claim fails, *inter alia*, because Toll has no cognizable "right" to sewer service. And finally, the equitable estoppel claim fails, *inter alia*, because documents attached to the Amended Complaint demonstrate that the County has repeatedly advised Toll that no sewer service is or will be available. OB 1, 38. Where, as here, discovery is unnecessary to decide the pending motion to dismiss, a stay of discovery is generally favored by courts of this Circuit. *See Weisman*, 1995 WL 273678, at *2.

WHEREFORE, the County respectfully requests that this Court stay discovery until resolution of the pending motion to dismiss.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Max B. Walton

Collins J. Seitz, Jr. (Bar No. 2736)
cseitz@cblh.com
Max B. Walton (Bar No. 3876)
mwalton@cblh.com
The Nemours Building
1007 North Orange Street, 8th Floor
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 656-0116

Dated: February 7, 2008    *Attorneys for Defendant New Castle County*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN, and TOLL BROS., INC., <br><br> Plaintiffs, <br><br> v. <br><br> NEW CASTLE COUNTY, <br><br> Defendant. | C.A. No. 07-725 SLR-LPS |

### STATEMENT PURSUANT TO LOCAL RULE 7.1.1

I, Max B. Walton, Esquire, an attorney for New Castle County ("County"), hereby state that the parties attempted to reach an agreement on the matters set forth in the County's motion to stay discovery. Specifically, on January 30, 2008 and February 6, 2008, I spoke with Plaintiffs' attorney Barbara Anisko, Esquire, to seek plaintiffs' consent to a stay of discovery in this action. Ms. Anisko advised on February 6, 2008 that plaintiffs are unwilling to consent to the relief sought by the motion.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Max B. Walton
_____
Collins J. Seitz, Jr. (Bar No. 2736)
cseitz@cblh.com
Max B. Walton (Bar No. 3876)
mwalton@cblh.com
The Nemours Building
1007 North Orange Street, 8th Floor
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 656-0116
*Attorneys for Defendant New Castle County*

Dated: February 7, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN, and TOLL BROS., INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>NEW CASTLE COUNTY,<br><br>        Defendant. | C.A. No. 07-725 SLR-LPS |

## ORDER

AND NOW, on this _____ day of _____ 2008, having heard and considered Defendant New Castle County's Motion to Stay Discovery, all discovery in this case is stayed until final resolution of the issues raised in New Castle County's pending motion to dismiss.

IT IS SO ORDERED.

_____
Judge

## CERTIFICATE OF SERVICE

I, Max B. Walton, hereby certify that on the 7th day of February, 2008, a copy of New Castle County's Motion to Stay Discovery was served by CM/ECF to counsel of record as follows:

>Jeffrey M. Weiner (#403)
>Law Offices of Jeffrey M. Weiner
>1332 King Street
>Wilmington, DE 19801

*/s/ Max B. Walton*
Max B. Walton (Bar No. 3876)