IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GARY C. and GALE B. WARREN   :
  and          :
TOLL BROS., INC.       :
      **Plaintiffs,** :  **Civil Action No. 07-CV-725-SLR**
          :
  v.        :
          :  **JURY TRIAL DEMANDED**
NEW CASTLE COUNTY    :
     **Defendant.**  :

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiffs, Gary C. Warren, Gale B. Warren and Toll Bros., Inc. (collectively **"Plaintiffs"**), by and through their undersigned counsel, hereby respond to Defendant New Castle County's **("Defendant")** Motion to Stay Discovery pending resolution of its Motion to Dismiss:

1. Admitted in part; denied in part. It is admitted that Plaintiffs filed a Complaint on November 13, 2007 and an Amended Complaint on January 18, 2008 after Defendant moved to dismiss the Complaint (the **"Complaint"**). Plaintiffs deny Defendant's over-simplified characterization of the allegations of Plaintiffs' Complaint. In this action, Plaintiffs seek injunctive and declaratory relief and damages arising from Defendant's violation of Plaintiffs' constitutional rights, including equal protection, procedural and substantive due process, Defendant's misuse of its monopoly power over sanitary sewer service and its violation of the New Castle County Code. Plaintiffs have filed a Complaint detailing at length Defendant's unlawful conduct.

2. Admitted in part; denied in part. Plaintiffs admit that on January 31, 2008, Defendant filed a Motion to Dismiss Plaintiffs' Complaint, pursuant to Rules 12(b)(1) and

1.

12(b)(6), in which Defendant asserts a broad array of defenses.  Pursuant to the parties' stipulation and Order of the Court, Plaintiffs' response to the Motion to Dismiss shall be filed on February 29, 2008 and will fully address Defendant's arguments.  The issues raised by the motion are complex and inappropriate for resolution on a cursory examination of the issues on a Motion for Protective Order.

Nonetheless, contrary to its assertion, the County has issued a final decision based on the enactment of a "new" County policy removing Plaintiffs' properties from existing sewer service areas and refusing to permit Plaintiff's development plans to proceed to the next stage of the approval process based on this decision.  The County's decision is final and Plaintiffs' claims are ripe for adjudication by this Court. Plaintiff is not required to exhaust administrative remedies that either do not exist or the exhaustion of which would be futile.

As to Defendant's claim that Plaintiffs have no constitutionally protected rights, the ownership of property and the right to use and enjoy such property has long been recognized by the Third Circuit Court of Appeals as a right protected under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See, e.g., Blanche Road v. Bensalem Township*, 57 F.3d 253, 268 n. 15 (3d Cir. 1995); *County Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 166 (3d Cir. 2006).  Further, Plaintiffs' right to be treated the same as similarly situated property owners/developers is protected under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  As to Defendant's claim that "the County has *Parker* immunity for the antitrust claims," the Delaware legislature did not delegate to the County a monopoly over an essential service with the discretion to refuse to provide such service and the authority to prevent others from providing the service.  Defendant is not immune

from claims for injunctive relief arising from its unlawful anti-competitive conduct.  Plaintiffs'

Complaint sufficiently states legally cognizable claims against Defendant.

   3.  Admitted in part; denied in part.  It is admitted that it is within the Court's

discretion "to exercise appropriate control over the discovery process." *Coca-Cola Bottling Co.*

*of the Lehigh Valley*, C.A. No. 92-7061, 1993 WL 13139559, *2 (E.D. Pa. 1993) (quoting

*Herbert v. Lando*, 441 U.S. 153, 177 (1979)).  Notwithstanding, motions to stay discovery are

disfavored.  As Judge Huyett explained in *Coca-Cola Bottling*:

> A court should not automatically stay discovery pending a motion
> to dismiss under Rule 12(b).  Had the drafters of the Federal Rules
> of Civil Procedure wanted an automatic stay of discovery pending
> a motion to dismiss they could have so provided.  Rather, the
> decision whether to stay discovery pending a decision on a motion
> to dismiss is left to the sound discretion of the court.  Motions to
> stay discovery are not favored because when discovery is delayed
> or prolonged it can create case management problems which
> impede the court's responsibility to expedite discovery and cause
> unnecessary litigation expenses and problems.  Requests to stay
> discovery are rarely appropriate where resolution of the motion to
> dismiss will not dispose of the entire case.  In deciding whether to
> stay discovery pending a motion to dismiss a court must balance
> the harm produced by delay against the possibility that the motion
> will be granted and entirely eliminate the need for such discovery.
>
> Where there is a motion to dismiss for failure to state a claim upon
> which relief can be granted, the court should take a preliminary
> look at the allegedly dispositive motion to see whether it is a
> challenge as a matter of law or to the sufficiency of the allegations.
> Where the motion merely addresses the sufficiency of the
> complaint, resolution of the motion is not necessarily dispositive
> because the pleadings may be amended to correct the deficiencies.

<u>Id</u>. (citations and internal quotations omitted).  *Accord Gray v. First Winthrop Corp.*, 133 F.R.D.

39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under

Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.

In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." [Underline deleted.])

A party seeking a stay of discovery, therefore, carries the "heavy burden" of making a "strong showing" to justify why discovery should be denied. *Gray*, 133 F.R.D. at 40 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The moving party must demonstrate a particular and specific need for the protective order, as opposed to making stereotyped and conclusory statements. Id. (citing Wright & Miller, *Federal Practice and Procedure*, § 2035). Accord *Howard v. Galesi*, 107 F.R.D. 348, 350 (D.C.N.Y. 1985) (courts do not generally grant protective orders without a strong showing of "good cause," and the burden of establishing "good cause" lies with the party seeking the protective order); *Keystone Coke Co. v. Pasquale*, C.A. No. 97-6074, 1999 WL 46622 (E.D. Pa. 1999) (party seeking stay of discovery must make a strong showing of why discovery should be denied); *Weisman v. Mediq, Inc.*, C.A. No. 273678, 1995 WL 273678 at *2 (E.D. Pa. 1995) (stay of discovery imposed only on a "showing of good cause").

In this case, Defendant has failed to establish good cause for staying discovery and more particularly imposing a stay of Initial Disclosures or production of documents. Plaintiffs' Complaint is well pled setting forth legally cognizable claims against Defendant. The early exchange of basic information as contemplated by   Rule 26 (a) of the Federal Rules of Civil Procedure is not overly burdensome and would allow the parties to prepare the case while the Court determines the complex issues raised by the Motion to Dismiss. Conversely, a stay of discovery would unduly prejudice Plaintiffs in that prosecution of the case would be inordinately delayed until the Motion to Dismiss is decided. Further, since imminent expiration of Plaintiffs' Preliminary Plans is a harm which Plaintiffs' Complaint seeks to forestall, a delay in the start of

even basic discovery would be highly prejudicial to Plaintiffs. *See Coco-Cola Bottling*, 1993 WL 13139559, at *2 (court must balance the harm produced by delay against the possibility that the motion to dismiss will be granted in its entirety); *Keystone*, 1999 WL 46622, *2 (stay of discovery is rarely appropriate when the pending motion will not dispose of the entire case). *See also Computer Assocs. Intern., Inc. v. Simple.Com, Inc.*, --- F.R.D. ---, 2007 WL 2815812, *7 (E.D.N.Y. 2007) (court permitted discovery even though a special master recommended that plaintiff's motion for summary judgment be granted because breadth of discovery and burden of responding to it and risk of unfair prejudice to the nonmoving party outweighed the factor that the motion may be granted).

4.    Denied. Under the standards set forth above, the Court should deny Defendant's motion for a stay order. Defendant has failed to carry its "heavy burden" of demonstrating good cause to justify suspending discovery in contravention of the discovery rules. To support its instant Motion, Defendant primarily contends that its Motion to Dismiss will be successful. First, Defendant argues that it has moved to dismiss all six of Plaintiffs' counts on grounds of ripeness and/or failure to exhaust administrative procedures. Defendant's Motion to Stay at ¶ 4. As will be more fully demonstrated in Plaintiffs' response to the Motion to Dismiss, the County issued a final decision removing Plaintiffs' Properties from existing sewer service areas and refusing to permit Plaintiffs' Preliminary Plans to proceed to the next stage of the approval process based on this decision. The New Castle County Code does not provide an administrative review procedure for the County's conduct.   Further, even if such procedures existed, which Plaintiffs strongly dispute, Plaintiffs are not required to exhaust procedures when the exhaustion would be futile. Additionally,  under the Third Circuit Court of Appeals decision in *County*

*Concrete,* 442 F.3d at 166, exhaustion of administrative remedies is not required in cases involving allegations of misconduct against defendants.

In this case, Plaintiffs allege that Defendant made representations that sewer access would be provided to their Properties and only after Plaintiffs had expended significant time and monies in reliance upon Defendant's representations, did the Defendant arbitrarily deny sewer access while granting it to other similarly situated development projects.  Under *County Concrete,* even if Plaintiffs could have taken an administrative appeal, (which Plaintiffs strongly contest,) they were not required to do so before seeking redress for Defendant's misconduct in this Court. *Id.* at 166. Thus, contrary to Defendant's assertions, Defendant's Motion to Dismiss for failure to exhaust administrative remedies is not dispositive.

As to Defendant's claim that it is immune from antitrust liability, as will be more fully demonstrated in Plaintiffs' response to the Motion to Dismiss, the legislature did not delegate unfettered monopoly power to the County over sewer service nor was Defendant's misuse of monopoly power so reasonably foreseeable to the State as to be afforded *Parker* immunity. *See, e. g., County of Middletown Township v. Benham,* 514 Pa. 176, 188-89, 523 A.2d 311, 317 (Pa. 1987) (if a municipality is to have a monopoly on sewer service, it may not refuse an essential service and then prevent individuals from providing it for themselves).  With respect to their due process counts, Plaintiffs' ownership of property and Plaintiffs' right to use and enjoy property is a property interest that is protected under the Fourteenth Amendment. *See, e. g., Blanche Road,* 57 F.3d at 268 n. 15; *County Concrete,* 442 F.3d at 170.

With respect to their equal protection count, Plaintiffs have sufficiently alleged that by denying their Properties' access to public sewer, Defendant has treated their Properties differently than at least five other similarly situated development projects, each identified in the

Amended Complaint. In any event, any deficiency in the sufficiency of such allegations are correctable through amendment and thus an inappropriate basis for a stay of discovery. *See Coca-Cola Bottling*, 1993 WL 13139559, *2; *Howard*, 107 F.R.D. at 350, n.4; *Keystone*, 1999 WL 46622, *2.

Defendant's contention that a stay is warranted because it will narrow the scope of discovery in this case is also without merit. Each count in Plaintiffs' Complaint revolves around the same set of operative facts. Even assuming *arguendo,* any one claim was subject to dismissal, which Plaintiffs strongly dispute, the scope of discovery will not be affected because each of the claims alleged in the Complaint arise out of the same operative facts. Thus, this argument is insufficient justification – certainly not "good cause" – for suspending the normal discovery rules in this Court that permit Plaintiffs to take discovery in aid of their action. See *Keystone*, 1999 WL 46622, *2 (stay of discovery is rarely appropriate when the pending motion will not dispose of the entire case).

5.      Denied. Contrary to Defendant's claim that no prejudice will result from a stay of discovery, Plaintiffs will suffer prejudice if discovery is stayed and the prompt resolution of this case is delayed. By illegally refusing to permit Plaintiffs' Preliminary Plans to proceed to the next stage in the approval process, Defendant intends for the Preliminary Plans to expire, thereby removing the Preliminary Plans from the ambit of the plans and sewer maps in effect when the Preliminary Plans were filed and which plans and sewer maps provided for Plaintiffs' properties to receive public sanitary sewer. Instead, Defendant intends to require Plaintiffs to start the land development application process anew, thereby subjecting the properties to the new sewer plan which removes the properties from existing and already planned sewer facilities and provides

"no funding" and "no plan" for the provision of sanitary sewer service to the area in which Plaintiffs' properties are located.

Plaintiffs filed the present action to, *inter alia,* enjoin expiration of their plans. Thus, time is of the essence. Plaintiffs have spent millions of dollars in preparing detailed Exploratory and Preliminary Plans for the Properties in direct reliance upon the County's sewer plan and maps in effect at the time and in direct reliance upon Defendant's repeated written and oral assurances that public sanitary sewer service had been allocated for the properties and would be available. Plaintiffs' right to proceed with Initial Disclosures and document discovery while the Motion to Dismiss is being decided will avoid delay in the prosecution and adjudication of the case and prevent further prejudice to Plaintiffs. Further, allowing discovery will enable Plaintiffs to obtain basic information which will be relevant to the motion for injunctive relief that Plaintiffs anticipate they will be required to file shortly in order to prevent the expiration of the plans, pending resolution of the pending litigation. Plaintiffs' plans are presently scheduled to expire on March 21, 2008 (the Port Penn Properties) and April 22, 2008 (the Warren Properties). It is particularly critical to allow discovery to proceed since Defendant's reply brief in support of the Motion to Dismiss will not be filed until March 14, 2008 and thus it is unlikely that the Court will be in a position to decide the Motion to Dismiss before the plans' expiration deadlines.

6.    Admitted in part; denied in part. It is admitted that discovery is not needed for purposes of the Motion to Dismiss. However, it is denied Plaintiffs have not stated legally cognizable claims or that initial basic discovery and document discovery should be stayed at this juncture. A stay of discovery pending decision on motions to dismiss is not favored by the courts nor is it warranted in this case. Defendant has failed to carry its heavy burden of

demonstrating good cause to justify suspension of the normal discovery rules in this case.  Both sides should be ordered to propound their Initial Disclosures within five days from the date of the Court's Order and to produce documents while the Motion to Dismiss is pending.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant's Motion to Stay Discovery.

Respectfully submitted,

By: _____

Jeffery M. Weiner, Esquire (DE # 403)
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505
Attorney for Plaintiffs

and

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

Marc B. Kaplin, Esquire
Barbara Anisko, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765
(610) 260-6000

DATED: _____2/24/03_____

9.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GARY C. and GALE B. WARREN**<br>and<br>**TOLL BROS., INC.** | : | |
| **Plaintiffs,** | : | **Civil Action No. 07-CV-725-SLR** |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **NEW CASTLE COUNTY** | : | |
| **Defendant.** | : | |

### ORDER

AND NOW, on this _____ day of _____ 2008, upon consideration of Defendant New Castle County's Motion to Stay Discovery and Plaintiffs' Response to Defendant's Motion to Stay, it is hereby ORDERED that:

    A.    Defendant's Motion to Stay Discovery is DENIED;

    B.    Plaintiffs and Defendant shall serve Initial Disclosures pursuant to Fed. R. Civ. Proc. 26(a) within five days from the date of this ORDER and

    C.    Document Discovery shall proceed pursuant to the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
                                     Judge

## CERTIFICATE OF SERVICE

I, Jeffery M. Weiner, hereby certify that on February 21, 2008, a copy of Plaintiffs'

Response to Defendant's Motion to Stay Discovery was served via e-mail and via first class mail

by the Law Offices of Jeffrey M. Weiner to counsel of record as follows:

Max B. Walton, Esquire
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street, 8th Floor
Wilmington, DE 19899

_____
Jeffery M. Weiner (DE #403)