## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GARY C. and GALE B. WARREN,
and TOLL BROS., INC.,

|                                                              |                          |
| ------------------------------------------------------------ | ------------------------ |
| GARY C. and GALE B. WARREN, and TOLL BROS., INC., Plaintiffs, v. NEW CASTLE COUNTY, Defendant. | C.A. No. 07-725-SLR-LPS |

               Plaintiffs,

    v.

NEW CASTLE COUNTY,

               Defendant.

### NEW CASTLE COUNTY'S REPLY MEMORANDUM IN
### SUPPORT OF ITS MOTION TO STAY DISCOVERY

Pursuant to Local Rule 7.1.2(b), Defendant New Castle County ("County")

hereby submits its reply memorandum in support of its motion to stay discovery. In

support thereof, the County states:

1.    Plaintiffs Gary C. Warren, Gail B. Warren, and Toll Bros., Inc.

(collectively "Toll") admit that "discovery is not needed for purposes of the [County's]

Motion to Dismiss." D.I. 21, at ¶ 6, p. 8. And, even though briefing on the "broad array

of defenses" (*id.* at ¶ 2, p. 2) set forth in the County's motion to dismiss will be complete

in less than a month (D.I. 22),[1] Toll opposes a brief stay of discovery, alleging that

resolution of the motion to dismiss will be "inordinately delayed." D.I. 21, at ¶ 3, p. 4.

Contrary to Toll's arguments, however, a brief stay of discovery should be granted until

the County's motion to dismiss is decided because: (1) no discovery is needed to resolve

the pending motion; (2) resolution of the pending motion to dismiss may result in the

---

[1]    All briefing on the County's motion to dismiss was initially scheduled to be complete on March 14, 2008. D.I. 18. Toll, however, requested a ten day extension to file its answering brief. D.I. 22. Toll's request for an extension extends the briefing schedule to March 25, 2008. *Id.*

outright elimination (or at least narrow) claims in the case; and (3) Toll will suffer no prejudice from a brief stay.

2.    **First,** the motion to stay discovery should be granted because, as Toll admits, "discovery is not needed for purposes of the [County's] Motion to Dismiss." D.I. 21, at ¶ 6, p. 8.   It is well settled that "[w]here a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediq, Inc.*, C.A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995); *Jackson v. Northern Telecom, Inc.,* C.A. No. 90-0201, 1990 WL 39311, at *1 (E.D. Pa. Mar. 30, 1990) (holding that when discovery sought does not relate to the pending motion, staying discovery is "in the interest of judicial economy").[2]   Because no discovery is required to resolve the pending motion to dismiss, all discovery should be stayed for a brief time until the Court decides the County's pending motion. *Weisman,* 1995 WL 273678, at *2.

3.    **Second,** the County's motion seeks to dismiss all claims as a matter of law[3] – a factor which generally favors granting a brief stay of discovery. *Weisman,* 1995 WL 273678, at *2; 6 James W.M. Moore, *Moore's Federal Practice* § 26.105[3][c] (3d ed. 2007) ("a stay of discovery is appropriate when the motion appears to have substantial grounds."); D.I. 21, at ¶ 3, p. 3 (block quote) (quoting *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, C.A No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar.

---

[2]    *See also Greenspan v. Hinrichs*, No. 15459, 1998 WL 83047, at *1 (Del. Ch. Feb. 10, 1998) (holding that absent special circumstances, discovery should be stayed pending determination of a motion to dismiss because the "expense and time necessary for discovery may be avoided if the motion is granted.").

[3]    Toll has previously amended its complaint to address the technical pleading deficiencies identified in the County's initial motion to dismiss. D.I. 11.

8, 1993) (holding that the Court should review the motion and determine if it is a challenge as a matter of law or merely to the sufficiency of the allegations)).[4]

4.      The County has asserted two principal reasons to dismiss each of the claims in Toll's Amended Complaint ("AC"): (1) ripeness/exhaustion; and (2) substantive grounds.  The County's opening brief in support of its motion to dismiss establishes that Toll does not have any ripe constitutional or anti-trust claim because Toll has not taken its available administrative appeal to the New Castle County Planning Board.  D.I. 14, at pp. 12-19; *see also Acierno v. New Castle County,* 6 F.3d 970, 975 (3d Cir. 1993); *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 598 (3d Cir. 1998); *Unity Ventures v. Lake County,* 841 F.2d 770, 771 (7th Cir. 1988).[5]  The County has also established that Toll's pendent State law declaratory judgment and equitable estoppel claims should be dismissed because Toll has failed to exhaust its available administrative appeals.  D.I. 14, at pp. 33, 36-37.  While Toll disputes that this remedy is available (D.I. 21, at ¶ 2, p. 2), there is clearly an available administrative appeal mechanism under the County Code which Toll has not exercised.  The County Code states:

---

[4]      Toll cites a Ninth Circuit case, alleging that the County has a "heavy burden" to invoke a stay of discovery pending resolution of a motion to dismiss.  D.I. 21, at ¶ 3, p. 4 (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  In this Circuit, however, when the motion to dismiss is case dispositive, Courts generally favor granting a motion to stay.  *Weisman,* 1995 WL 273678, at *2.

[5]      Toll alleges that the case of *County Concrete Corp. v. Tp. Of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) excuses it from the ripeness requirement.  D.I. 21, at ¶ 4, p. 6.  However, as discussed in the County's opening brief, *County Concrete* is inapplicable because Toll is not making a facial challenge to the County's actions and because Toll cannot establish that the futility exception applies.  D.I. 14, at p. 14, n.12 and n.13.

An applicant pursuing approval of a land use application[6] who is aggrieved by a finding, decision, or interpretation of a decision maker made in response to review of such application may appeal such action to the jurisdictionally approved agency pursuant to Table 40.30.110. Appeals may only be taken based upon a final decision, not the recommendation of an agency. All appeals from the final decision of an administrative body or the Department shall be filed with the Department within twenty (20) days of the date the written decision is issued by the body or Department. . . . . Unless otherwise provided by law, any appeal to a court of law or equity shall be made within twenty (20) days of the issuance of a written final decision. Unless otherwise provided by law, no appeal to a court of law or equity may be taken until all remedies made available by this Chapter have been exhausted.

NCC Code § 40.31.510.[7]

5.      Because Toll has an administrative appeal right under the County Code

that it has not exercised (because the final decisions relating to its plans have not been

appealed), its claims are not ripe and should be dismissed. *Sameric Corp. v. City of

Philadelphia,* 142 F.3d at 598. This fact alone supports a stay because Toll does not have

any ripe constitutional or anti-trust claim – and this Court does not have jurisdiction[8] –

unless the available administrative remedy is exercised. *Acierno,* 6 F.3d at 975; *Unity*

*Ventures,* 841 F.2d at 771.

---

[6]      A "land use application" is defined by the County Code as "[a]ny building permit application, zoning permit application, subdivision or land development plan application, rezoning application, limited use application, special use application, variance application, appeals, or any other application made to New Castle County which, if granted, would have the effect of permitting the development or use of land . . .". NCC Code § 40.33.300.

[7]      Toll was well aware of the available administrative appeals in the County Code prior to filing this suit. *See Toll Bros., Inc. v. Wicks,* C.A. No. 1314, 2006 WL 1829875, at *6-8 (Del. Ch. June 21, 2006) (dismissing Toll's complaint against the Delaware Department of Transportation for failure to exercise available administrative remedies in the County Code).

[8]      "[L]ack of ripeness impedes justiciability and thus the subject matter jurisdiction of the district court." *Huberty v. U.S. Ambassador to Costa Rica,* No. 3:07-CV-1420, 2007 WL 3119284, at *1 (M.D. Pa., Oct. 22, 2007).

6.      The County has also moved to dismiss each of Toll's claims on substantive grounds. The County's opening brief in support of the motion to dismiss establishes, *inter alia,* that: (a) the County is entitled to *Parker* immunity[9] under *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 38-39 (1985) (D.I. 14, at pp. 20-21); (b) Toll's substantive due process claim lacks merit because it has no constitutionally protected right to sewer service, the County has no duty to provide sewer service, and because Toll can immediately build a housing development with septic systems (*id.* at pp. 1, 22-28); (c) the equal protection claim fails because the County is not treating any developer differently, as the County is not providing any sewer service to the region where Toll wants to build, and no law requires the County to spend taxpayer money to provide Toll sewer service for a 631 unit housing development (*id.* at pp. 28-32); (d) the procedural due process claim fails because Toll has no right to sewer service and Toll has not exercised its available appeals (*id.* at p. 32); (e) the declaratory judgment claim fails because Toll incorrectly interprets the County Code (*id.* at pp. 33-36); and (f) Toll cannot satisfy the demanding standards for asserting an estoppel claim against the government. *Id.* at pp. 36-40.   Thus, because the County has moved to dismiss all claims for ripeness/exhaustion and on substantive grounds, the motion to stay should be granted because the County's motion to dismiss stands to eliminate the entire action. *Weisman,* 1995 WL 273678, at *2; 6 James W.M. Moore, *Moore's Federal Practice* § 26.105[3][c] (3d ed. 2007).

---

[9]      It is well settled that questions of immunity should be resolved before discovery is permitted. *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 382-83 (5th Cir. 1987).

7.      **Third**, Toll cannot establish any prejudice resulting from a brief stay of discovery. Toll boldly asserts that, if a motion to stay is granted, "prosecution of the case would be inordinately delayed." D.I. 21, at ¶ 3, p. 4. However, pursuant to the proposed stipulated brief scheduling order, extending the schedule at Toll's request, briefing on the motion to dismiss will be complete on March 25, 2008. D.I. 22; *see also infra n.* 1. When briefing will be completed in less than a month, there will be no inordinate delay.

8.      Toll also states that the potential "imminent expiration" of Toll's land use applications should allow it to press forward with expensive discovery against the County which may ultimately be unnecessary. D.I. 21 at ¶ 3, p. 4; *see also id.* at ¶ 5, pp. 7-8 (stating purported harm to Toll if the land use process must be restarted). Documents attached to Toll's Amended Complaint, however, demonstrate that the County has repeatedly advised Toll over the past two years that sewer service might not be available for the proposed development. *See* AC Ex. "J" (March 23, 2006) (the County advising Toll in writing that "[a]t the time of this request, sanitary sewer is not available nor has New Castle County warranted when or if sanitary sewer service will be available"); *see also* AC Ex. "P" (June 14, 2006).[10] When Toll has been told, for at least the past 23 months, that sewer service may not be provided, it should not now be permitted to allege

---

[10]      The June 14, 2006 letter states: "This plan relies on connection to a public sanitary sewer system, but no such system exists. The applicant has been advised on numerous occasions, since the initial plan submission, that the County has made no commitment to provide sewer infrastructure availability to this site. The developer is again reminded that advancing a subdivision plan in reliance of the provision of sewer infrastructure secures no guarantee that the County will provide such infrastructure. Without an approved sewerage strategy, the plan will not be approved and construction will not be permitted."

that it needs discovery imminently relating to the County's decision to not provide sewer service.[11]

9.    Beyond the inequities of Toll's position, Toll will suffer no prejudice if its plans expire. If Toll believes that its plans should not expire, it has an available administrative appeal to the Planning Board pursuant to NCC Code § 40.31.510. Moreover, if Toll's plans expire, and assuming *arguendo* that Toll could be successful in this litigation seeking to compel the County to provide sewer service for Toll's 631 unit housing development (a proposition the County vehemently disputes), Toll could simply resubmit the plans and engineering studies already performed as part of a resubmission in the land use approval process. Toll suffers no prejudice when it could resubmit similar plans after expiration if it is successful in this litigation.[12]

10.    The County has established good cause for a brief stay of discovery. No discovery is required to resolve the motion to dismiss. Moreover, the County's motion, if successful, will eliminate all claims. Toll will suffer no prejudice from a brief delay. Under these circumstances, a stay should be granted to prevent the potentially

---

[11]    Toll alleges that the County has provided "repeated written . . . assurances that public sanitary sewer service had been allocated for the properties and would be available." D.I. 21, at ¶ 5, p. 8. However, even though Toll attached 19 documents to the Amended Complaint, Toll has not attached a single written representation from the County expressly stating that Toll would be guaranteed sewer service for its proposed development. AC at Exs. A-S.

[12]    Toll's opposition to the County's motion to stay repeatedly states that it has a constitutionally protected right to enjoy its property under the due process clause. D.I. 21, at ¶¶ 2, 4, pp. 2, 6.   Toll, however, fails to cite the well established precedent from this Circuit holding that there is no constitutional no right to sewer service. *Ransom v. Marrazzo,* 848 F.2d 398, 412 (3d Cir. 1988); *Nicholas v. Pennsylvania State University,* 227 F.3d 133, 141 (3d Cir. 2000) (quoting *Ransom*); *Gagliardi v. Clark,* C.A. No. 06-20, 2006 WL 2847409, at *10 (W.D. Pa. Sept. 28, 2006). In the end, nothing prevents Toll from developing its property with septic systems as permitted by the County Code – and therefore nothing prevents Toll from "enjoying" the property.

unnecessary burden on government employees in responding to discovery (and the

expenditure of taxpayer money on discovery that will be ultimately unnecessary) if the

County's motion to dismiss is granted.

WHEREFORE, the County respectfully requests that the Court grant a stay of

discovery until the County's pending motion to dismiss is decided.

CONNOLLY BOVE LODGE & HUTZ LLP

*Max B Walton*

Collins J. Seitz, Jr. (Bar No. 2736)
cseitz@cblh.com
Max B. Walton (Bar No. 3876)
mwalton@cblh.com
The Nemours Building
1007 North Orange Street, 8th Floor
P.O. Box 2207
Wilmington, DE 19899
Tel: (302) 658-9141
Fax: (302) 656-0116
*Attorneys for Defendant,*
*New Castle County*

Dated:  February 28, 2008

## CERTIFICATE OF SERVICE

I, Max B. Walton, hereby certify that on the 28th day of February, 2008, a copy of

New Castle County's Memorandum in Support of Its Motion to Stay Discovery was

served by CM/ECF to counsel of record as follows:

> Jeffrey M. Weiner (#403)
> Law Offices of Jeffrey M. Weiner
> 1332 King Street
> Wilmington, DE 19801

Max B. Walton (Bar No. 3876)