IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN<br>and<br>TOLL BROTHERS, INC.<br>        Plaintiffs,<br><br>v.<br><br>NEW CASTLE COUNTY<br>        Defendant. | :<br>:<br>:<br>:   Civil Action No.<br>:   07-CV-725-SLR-LPS<br>:<br>:<br>:   JURY TRIAL DEMANDED<br>:<br>: |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE A SUR-REPLY
IN RESPONSE TO DEFENDANT'S REPLY BRIEF
FILED IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiffs, Gary Warren, Gale Warren and Toll Brothers, Inc. (collectively, "**Plaintiffs**"), by and through their undersigned counsel, hereby seek the Court's permission, pursuant to Local Rule 7.1.2 (b), to file a Sur-Reply limited to responding to the Reply Brief filed by defendant, New Castle County ("**the County**") on March 28, 2008. Plaintiffs state the following in support:

    1.    In footnote 11 of the fact section of its opening brief, the County raised the argument that dismissal of Plaintiffs' action was warranted because Plaintiffs had not joined the Port Penn property owners as purportedly required pursuant to Rule 19 of the Federal Rules of Civil Procedure. (*See* County's Opening Brief in support of the Motion to Dismiss at "Statement of Facts," page 11, n. 11.) Plaintiffs inadvertently did not address this legal argument in its answering brief. The County in its Reply brief makes reference to Plaintiffs' lack of response. *See* County's Reply brief at p. 2. Plaintiffs seek the Court's permission to file a sur-reply that addresses footnote 11, namely the County's argument that this matter should be dismissed for

1

failure to join indispensable parties. There is established legal authority, confirming that Plaintiffs have standing to bring this action and that the Port Penn property owners are not indispensable parties under Rule 19. Rather than cite these cases for the first time at oral argument, currently scheduled for April 21, 2008, counsel seeks to share these citations with the Court and opposing counsel in advance of the argument.

2. In addition, Plaintiffs seek to file a Sur-Reply to respond to the County's citation of a number of new decisions in its reply brief. Two of the new citations are to decisions that were handed down after Plaintiffs filed their answering brief on March 10, 2008. Due to the complexity of the factual and legal issues before this Court, we believe the Court would benefit from having Plaintiffs' perspective on these new decisions before oral argument is held.

3. Lastly, the County has also raised new arguments in responding to Plaintiffs' Answering Brief to which Plaintiffs would like the opportunity to make reply. The new arguments include that (a) this Court is purportedly obligated to avoid reviewing constitutional challenges if the Court can find an alternative basis for making its ruling and (b) the County is entitled to draw lines wherever it chooses so that its line drawing decisions are virtually unreviewable. To support these new arguments, the County cites decisions that pre-date its opening brief which it did not, however, cite in its opening brief. Plaintiffs would like the opportunity to file a short Sur-Reply in order to respond to the County's new arguments.

4. Plaintiffs did not attach their Sur-Reply to this Motion so as not to run afoul of Local Rule 7.1.2 (b) which requires leave of court before filing a sur-reply.

5. In conclusion, Plaintiffs seek the Court's permission to file a short Sur-Reply no longer than ten pages in order to address the County's (a) argument for dismissal based on

joinder first presented in a footnote within its opening statement of facts; (b) argument based on citations to new decisions that post date the Plaintiffs' answering brief and (c) new arguments based on decisions that pre-date the filing of the County's opening brief which it cites for the first time in its Reply Brief.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a ten-page Sur-Reply limited according to the attached proposed Order.

Respectfully submitted,

Jeffery M. Weiner, Esquire (DE # 403)
1332 King Street
Wilmington, Delaware 19801
(302) 652-0505

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

_____
Marc B. Kaplin, Esquire
Barbara Anisko, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765
Tel: (610) 941-2457
Fax: (610) 684-2002
banisko@kaplaw.com

*Attorneys for Plaintiffs Gary C. and Gale B. Warren and Toll Bros., Inc.*

DATED: April 7, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN<br>and<br>TOLL BROTHERS, INC.<br>　　　　Plaintiffs,<br><br>v.<br><br>NEW CASTLE COUNTY<br>　　　　Defendant. | :<br>:<br>:<br>:<br>: Civil Action No. 07-CV-725-SLR-LPS<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## ORDER

AND NOW, on this _____ day of _____ 2008, upon consideration of Plaintiffs' Motion for Leave to File a Sur-Reply in Response to Defendant New Castle County's Reply Brief Filed in Support of Defendant's Motion to Dismiss, and any responses thereto, it is hereby ORDERED that Plaintiffs' Motion is GRANTED and Plaintiffs may file a ten-page Sur-Reply limited to the County's argument regarding joinder of additional parties and any new arguments and decisions the County raised in its March 28, 2008 Reply Brief within three days from the date of this Order.

　　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY C. and GALE B. WARREN<br>and<br>TOLL BROTHERS, INC.<br>　　　　Plaintiffs,<br><br>v.<br><br>NEW CASTLE COUNTY<br>　　　　Defendant. | :<br>:<br>:<br>: Civil Action No. 07-CV-725-SLR-LPS<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

**STATEMENT PURSUANT TO LOCAL RULE 7.1.1**

I, Barbara Anisko, Esquire, an attorney for Plaintiffs, Gary Warren, Gale Warren and Toll Brothers, Inc. (collectively, **"Plaintiffs"**), hereby state that the parties attempted to reach an agreement on the matters set forth in Plaintiffs' Motion for Leave to File a Sur-Reply. In particular, on April 7, 2008, I spoke with Max Walton, Esquire, counsel for defendant New Castle County (the **"County"**) in order to seek consent to file a sur-reply. On April 7, 2008, Mr. Walton stated he was not willing to consent to Plaintiffs' request.

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

_/s/ Barbara Anisko_

Marc B. Kaplin, Esquire
Barbara Anisko, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422-0765
Tel: (610) 941-2457
Fax: (610) 684-2002
banisko@kaplaw.com

*Attorneys for Plaintiffs Gary C. and Gale B. Warren and Toll Bros., Inc.*

## **CERTIFICATE OF SERVICE**

I, Barbara Anisko, hereby certify that on April 7, 2008, I caused a copy of Plaintiffs' Motion for Leave to File a Sur-Reply in Response to Defendant's Reply Brief Filed in Support of its Motion to Dismiss to be served via e-mail and via first class mail upon counsel of record as follows:

Max B. Walton, Esquire
mwalton@cblh.com
Connolly Bove Lodge & Hutz LLP
The Nemours Building
1007 North Orange Street, 8th Floor
Wilmington, DE 19899

Barbara Anisko, Esquire